UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHRISTOPHER MCFADDEN, :
        Plaintiff, : Civil No. 3:14-CV-1166
        v. :
UNITED STATES OF AMERICA, : (Judge Kosik)
        Defendant. :

FILED
SCRANTON
NOV 21 2014
PER _____
DEPUTY CLERK

### ORDER

AND NOW, THIS 21st DAY OF NOVEMBER, 2014, IT APPEARING TO THE COURT THAT:

(1) Plaintiff, Christopher McFadden, an inmate who was housed at the United States Penitentiary-Canaan, Pennsylvania, brought an action against the United States pursuant to the Federal Tort Claims Act;

(2) The basis of the action was the alleged negligence of the prison in serving chicken fajitas that contained salmonella bacteria;

(3) The action, along with others, was assigned to Magistrate Judge Martin C. Carlson for oversight;

(4) Following mandatory mediation, the case, McFadden v. United States, Civ. No. 3:13-CV-994, was reported settled and was dismissed (Doc. 14). Plaintiff signed a settlement agreement agreeing to forego any further claims arising out of the incident;

(5) On December 26, 2013, Plaintiff, who is now confined at USP-Coleman, Coleman, Florida, filed an action in the Middle District of Florida entitled "Negligence, Deliberate Indifference to a Serious Medical Need" seeking damages "for not being even seen by health services at USP Canaan" following the food poisoning incident (Doc. 1)[1];

---

[1] Plaintiff filed a Supplement to the Complaint on January 10, 2014 (Doc. 5).

(6) The action was transferred to this court on June 17, 2014 (Doc. 13) to the above number;

(7) On October 6, 2014, the United States filed a Motion to Dismiss and Brief in Support (Docs. 22 and 23). No opposition was filed by Plaintiff;

(8) On October 29, 2014, the Magistrate Judge filed a Report and Recommendation (Doc. 24), wherein he recommended that the Motion to Dismiss Plaintiff's complaint be granted;

(9) Specifically, the Magistrate Judge found that Plaintiff's claims were barred by res judicata, collateral estoppel and issue preclusion and that the terms of the settlement agreement signed by Plaintiff barred the instant action;

(10) On November 17, 2014, Plaintiff filed a Motion for Reconsideration (Doc. 25), which we will construe as Objections to the Report and Recommendation;

(11) In his Objections, Plaintiff asserts that he is now complaining about his lack of medical care for abdominal pain and that he never stated that the pain was related to the salmonella food poisoning. He also attempts to raise allegations not set forth in the complaint;

AND, IT FURTHER APPEARING THAT:

(12) When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984);

(13)    While Plaintiff attempts to distinguish between the two cases he filed against the United States, Plaintiff's complaint (Doc. 1) and Supplement (Doc. 5), both reference and complain about his medical care at USP- Canaan following the salmonella outbreak;

(14)    As the Magistrate Judge sets forth in the Report and Recommendation, Plaintiff entered into a settlement agreement wherein he agreed to forego any further claims arising out of the salmonella incident.  The claims set forth in the instant action are barred by res judicata, collateral estoppel and issue preclusion as outlined by the Magistrate Judge;

(15)    We have reviewed the Magistrate Judge's Report and we concur with his recommendation;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1)    The Report and Recommendation of Magistrate Judge Martin C. Carlson filed October 29, 2014 (Doc. 24) is **ADOPTED**;

(2)    The Defendant's Motion to Dismiss (Doc. 22) is **GRANTED**;

(3)    The above-captioned action is **DISMISSED**; and

(4)    The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Order to the Magistrate Judge.

Edwin M. Kosik
United States District Judge